

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

May 11, 1939

Hon. Ned McDaniel
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. O-1078
Re: What fee is a constable
entitled when he
accompanies the highway
patrol in making an arrest?

Your request for an opinion on the above stated question has been received by this Department.

Your letter reads in part as follows:

"In many instances in this county the constable accompanies the Highway Patrolmen, or vice versa, on general patrol duty, and sometimes for the specific purpose of arresting specific persons, whereupon all officers participate in the arrest to various extents.. Is the Constable entitled to a full or partial arresting fee in such cases?"

Article 1065, Code of Criminal Procedure, reads in part as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, two dollars."

Each fee allowed under this statute is for a specific service performed. If the highway patrol makes the arrest and the constable does not participate in the arrest in any manner, he is not entitled to a fee in the case. The constable is only entitled to fees for services he performed as set out in Article 1065, supra.

On September 2, 1936, this Department rendered an opinion addressed to Mr. Allen C. Wilson, County Attorney, Boerne, Texas, written by Hon. Joe J. Alsup, Assistant Attorney General, upon the same question as presented in your inquiry and held that the

Justice of the Peace is unauthorized to assess as part of the costs $2.00 for sheriff's fees, where the sheriff performed no services in such cases.

In an opinion written by Hon. Joe Sharp, Assistant Attorney General, addressed to Hon. L. O. Osborne, County Attorney, Canton, Texas, on June 14, 1937, this Department again passed on the question we now have under consideration and held that a sheriff or constable is not entitled to any fees for any service or for making any arrest unless he actually made the arrest himself or participated therein.

Under the general rule as discussed in Texas Jurisprudence, Vol. 34, page 515 where two officers with concurrent duties both perform a service for which a fee is due it should be prorated between them in proportion to the work done by each. Of course, this rule would not apply in this instance as the highway patrol could, in no event, participate in the division since they are on a salary. There is no statutory provision authorizing the highway patrol to collect the arresting fee provided for in Article 1065, supra, under any circumstances.

You state in your letter that the constable does in fact make the arrest when he accompanies the highway patrolmen on general patrol duty.

You are respectfully advised that it is the opinion of this Department that when the constable accompanies the highway patrolmen and actually makes the arrest himself or participates therein such constable would be entitled to the fees as provided by Article 1065, Code of Criminal Procedure. You are further advised that if the Constable merely accompanies the highway patrolman when as arrest is made and does not actually make the arrest himself or participate therein, he would be entitled to no fee.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:AW/cge                          By
APPROVED:                                    Ardell Williams
ATTORNEY GENERAL OF TEXAS                     Assistant